IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04289-GPG

PERILLA MARQUEZ, NUBIA ROCIO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility;
TODD LYONS, as Acting Director of Immigration and Customs Enforcement,
ROBERT HAGAN, Field Office Director Denver Field Office,
MARKWAYNE MULLIN, Secretary of Homeland Security, and
Todd BLANCHE, Attorney General, United States Department of Justice in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is the Application for a Writ of Habeas Corpus (Petition) (D. 1). Petitioner seeks release or, in the alternative, a bond hearing at which the government bears the burden of proof (*id*. at 10). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner has previously received a bond hearing at which he was denied bond based on a finding that she was a flight risk (D. 1 at 6). She asserts, in part, that the hearing violated due

process.[1] And there is nothing in the record to indicate that the government bore the burden of showing Petitioner was subject to detention or presented any evidence that he was a flight risk (*id.*) (quoting decision as stating that "Respondent did not meet her burden to show that she is not a flight risk").

Respondents have taken to filing responses indicating that they will not be filing a brief in opposition in these types of cases, so an Order to Show Cause would result in unnecessary delay. However, should Respondents wish to raise an argument in opposition to the grant of relief, they should do so expeditiously.

This Court has previously held that due process requires that the government bear the burden of proving danger to the community and flight risk at immigration custody hearings. *See Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936, *3 (D. Colo. Nov. 14, 2025). For the same reasons, the Court finds that Petitioner is held in violation of due process because the government has not met its burden to show that he is properly detained.

Accordingly, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the

[1] Petitioner raises additional issues not addressed by the Court in this Order, including whether his rearrest and hearing were administratively improper. Such issues may need to be addressed if Petitioner is not released on bond following the hearing ordered herein (*see* D. 1 at 9).

responsibility to ensure that the government applies those burdens and provides a sufficient record for review. *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1240 (10th Cir. 2026). Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED September 15, 2026.

BY THE COURT:



Gordon P. Gallagher
United States District Judge